IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE ZILBERMAN AND VALERIE ZILBERMAN, H/W, INDIVIDUALLY AND ON BEHALF OF MINOR D.Z. | : : : : | CIVIL ACTION<br><br>21-3829 |
| v. | : : | |
| THE RITZ-CARLTON HOTEL COMPANY, L.L.C. | : : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                                          **August 16, 2022**

Plaintiffs, Gene Zilberman and Valerie Zilberman, husband and wife, individually and on behalf of their minor son, D.Z., ("Plaintiffs" and/or the "Zilbermans") bring this negligence action against The Ritz-Carlton Hotel Company, L.L.C ("Defendant" and/or the "Ritz-Carlton") for three alleged violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count I), Negligence/Failure to Supervise/Failure to Warn (Count II), and Negligent Infliction of Emotional Distress (Count III) . Plaintiffs originally filed this case in the Philadelphia Court of Common Pleas and Defendant removed the case to this Court based on a claim of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Plaintiffs now move to remand based on the amount in controversy. Because factual disputes are involved, and the Defendant has shown the amount in controversy exceeds $75,000 by a preponderance of the evidence, this Court will deny Plaintiffs' motion to remand.

**BACKGROUND**

On December 29, 2020, the Zilbermans traveled from their home in Pennsylvania to Oranjestad, Aruba to stay at the Aruba Ritz-Carlton for vacation. Compl. ¶¶ 26-27. On January 3, 2021, while on the beach near the hotel, Plaintiff, D.Z. was bitten by a dog which was allegedly

1

roaming the beach without a leash. Compl. ¶¶ 28, 33. This incident allegedly took place a few feet away from Mr. and Mrs. Zilberman, who witnessed the dog bite their son. Compl. ¶¶ 34-35. Plaintiff D.Z. was treated in Aruba and Philadelphia, including multiple stitches, shots, and other medical procedures. Compl. ¶ 53. Plaintiffs made emergency travel arrangements to leave Aruba on January 4, 2021, rather than their expected departure date of January 6, 2021. Compl. ¶ 26, 54.

On July 20, 2021, Plaintiffs filed a Complaint in the Philadelphia Court of Common Pleas, containing three separate Counts against the Ritz-Carlton: 1) violation of Pennsylvania's UTPCPL; 2) Negligence/Failure to Supervise/Failure to Warn; and 3) Negligent Infliction of Emotional Distress. Each of these claims seeks damages on behalf of all three Plaintiffs. The Complaint alleges "loss of money, property, and other harms," Compl. ¶ 75 and "emotional distress and physical manifestations of stress [that] may continue… for an indefinite time into the future." Compl. ¶ 55.

Further, the Complaint claims D.Z. specifically suffered severe and permanent injuries including continuous pain, numbness in the left leg, multiple stitches and significant and permanent scarring, emotional damages including nightmares, and extreme fear of dogs, anxiety, and physical manifestations of stress and loss of life's pleasures including sports and outdoor activities. Compl. ¶ 56.

The Complaint also claims Mr. and Mrs. Zilberman specifically suffered severe and permanent injuries which include mental anguish, nightmares, anxiety, guilt, humiliation, and physical manifestations of stress. Due to these injuries, each Count demands an amount in excess of Fifty Thousand Dollars ($50,000), plus treble or punitive damages. Compl. ¶¶ 77, 87, 102.

**DISCUSSION**

The Court will deny the Zilbermans' motion to remand because the Ritz-Carlton Hotel Company has met its burden to show the amount in controversy exceeds $75,000 by a preponderance of the evidence. A defendant may remove a case from state court to federal court if the case could have been brought under the federal court's original jurisdiction. 28 U.S.C. § 1441(a). Here, Defendant removed to this Court based on diversity jurisdiction, which requires: 1) diversity of citizenship between the parties; and 2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Zilbermans do not challenge diversity of citizenship, but rather maintain removal was improper because Defendant did not sufficiently show the amount in controversy exceeds $75,000.

To determine the amount in controversy, the Court must conduct a reasonable reading of the complaint. *See Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 398 (3d Cir. 2004). The proper test for burden of proof for the party alleging jurisdiction relies on whether the facts are in dispute. *See id.* at 397; *Judon v. Travelers Property Casualty Co. of America*, 773 F.3d 495, 500 (3d Cir. 2014). Where factual disputes are involved, or there is a challenge to the amount in controversy raised in the pleadings but no evidence or findings in the trial court have addressed the issue, the defendant must justify his allegations by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.* 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."); *see also Samuel-Bassett* 357 F.3d at 398-399. Where there are no relevant facts in dispute, or findings of fact have been made by the district court, the legal certainty standard is appropriate, as set forth in *St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."); *see also Samuel-Bassett* 357 F.3d at 398-399.

Although these tests do not differ greatly in their application, *see id.* at 397 ("[W]e have found no case where the result would have been different had one of the variations described been used."), here, the *McNutt* preponderance of the evidence standard is appropriate. The challenge to the amount in controversy was raised in the pleadings, no discovery has taken place, and there are factual disputes surrounding control of the beach. Applying this standard is further supported by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), which states: "when a defendant's assertion of the amount in controversy is challenged," the court must decide the requirement is met by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co. LLC v. Owens* 574 U.S. 81, 88 (2014).[1]

While Plaintiffs omit, without explanation, Counts II and III of the Complaint in their motion to remand, it is the combination and consideration of all three counts which supports the amount in controversy requirement. Here, each Count demands an amount in excess of Fifty Thousand Dollars ($50,000), which, when aggregated, reaches an amount far exceeding the $75,000 requirement to satisfy the amount in controversy. There is no reason to conclude these claims are alternative theories of recovery, as Count I, a violation of Pennsylvania's UTPCPL, seeks damages for medical and travel expenses, *not* emotional damages, which are instead sought in Counts II and III of the Complaint.

Further, Plaintiffs fail to consider their demand for punitive damages, which are included in each Count, in addition to compensatory damages, which reasonably exceed the jurisdictional requirement by a legal certainty. *See Karlowicz v. Am. States Ins. Co.*, No. 3:20-CV-488, 2020 U.S. Dist. LEXIS 173579, at *22 (M.D. Pa. Sep. 18, 2020) (noting courts regularly find awards of

---

[1] Even if the preponderance standard did not apply, and Defendants were required to show by a legal certainty that the amount in controversy was met, they would be able to do so. The claims alleged in Plaintiffs complaint, when aggregated, reach well over $75,000.

punitive damages to sustain an amount far exceeding the "diversity jurisdictional threshold of $75,000.00.").

**CONCLUSION**

Defendant Ritz-Carlton has sufficiently proven Plaintiffs' Complaint exceeds the jurisdictional requirement of $75,000 by a preponderance of the evidence. Accordingly, the Court will deny Plaintiffs' motion to remand.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,         C.J.